IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| SCOTT ROBINSON, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>BARACK OBAMA, Et. Al., )<br>)<br>Respondents. ) | Civil Action No. 16-350-RGA |

## MEMORANDUM

### I. BACKGROUND

Presently before the Court is Petitioner Scott Robinson's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (D.I. 1) Although the Petition is mostly unintelligible, Petitioner states that he is being used as a human subject by federal authorities against his will for an exploratory research program. (D.I. 1 at 1) Petitioner alleges that former President Barack Obama entered into a contractual agreement with a private research company authorizing the company to conduct experiments that are operated remotely through a satellite network, "in conjunction with GIS technology that was affixed to [him] on April 15, 2016." *Id*. at 6-8. For relief, he asks the Court to issue a written order "excusing" him from the research study. *Id*. at 8.

### II. DISCUSSION

Federal courts are required to liberally construe *pro se* filings. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d Cir. 1998). Nevertheless, a district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." *See* Rule 4, 28 U.S.C. foll. § 2254; *Johnson v. Warden, Lewisburg USP*, 668 F. App'x 415, 416 (3d Cir. 2016)(explaining that the Rules Governing

Section 2254 cases are applicable to § 2241 petitions through Rule 1(b), 28 U.S.C. foll. § 2254). This is such a case. Section 2241 "confers habeas jurisdiction to hear the petition of a federal prisoner who is challenging not the validity but the execution of his sentence." *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). Petitioner is not a federal prisoner, and he is not challenging the execution of a federal sentence imposed by this Court (or any other federal court). Consequently, the Court does not have § 2241 jurisdiction over the case.

The Court further concludes that there is no basis for the issuance of a certificate of appealibility, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011).

### III. CONCLUSION

For the reasons set forth above, the Court will dismiss the instant Petition for a Writ of Habeas Corpus in its entirety for lack of jurisdiction without issuing a certificate of appealability. A separate order will be entered.

Dated: August 10, 2017

*[Signature]*
UNITED STATES DISTRICT JUDGE